IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARDO MARROQUIN, #81568-079,  Petitioner, | § § § | |
| v. | § § | 3:12-CV-0023-G (BK) |
| UNITED STATES OF AMERICA,  Respondent. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions and recommendation. Petitioner, a federal prisoner confined within the federal Bureau of Prisons, filed a petition for writ of error *coram nobis*. The Court did not order the government to respond pending preliminary screening. For the reasons that follow, it is recommended that the *coram nobis* petition be dismissed for want of jurisdiction.

I. BACKGROUND

Petitioner pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, and was sentenced to 188 months' imprisonment. *United States v. Marroquin*, 3:05-CR-264-G-16 (N.D. Tex., Dallas Div., 2006). The United States Court of Appeals for the Fifth Circuit dismissed his direct appeal under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Marroquin*, No. 06-10671 (5th Cir. 2007). Petitioner unsuccessfully challenged his conviction and sentence under 28 U.S.C. § 2255. *Marroquin v. United States*, No. 3:08-CV-0489-G, 2009 WL 89242 (N.D. Tex. 2009). *certificate of appealability denied*, No. 09-10196 (5th Cir. 2010). Subsequently, the United States Court of

Appeals for the Fifth Circuit denied his request to file a successive section 2255 motion, because he sought to present claims previously raised and rejected. *See In re Marroquin*, No. 10-10541 (5th Cir. 2010).

In his petition for writ of error *coram nobis*, Petitioner requests the Court to adjust his base offense level and reduce his sentence, claiming the Court improperly converted "clean 'cash'" confiscated at the time of his arrest into methamphetamine, resulting in an increased base offense level and higher sentence. (Doc. 3 at 1-2, 7.) Petitioner's allegations are similar to the ones raised and rejected in the section 2255 motion and motion for authorization to file successive section 2255 motion. *See Marroquin*, No. 09-10196, slip op. at 1-2; *In re Marroquin*, No. 10-10541, slip op. at 1-2.

## II. DISCUSSION

"The writ of *coram nobis* is an 'extraordinary remedy,' available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where 'the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'" *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954); *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)).

Petitioner is currently serving the 188-month term imposed in case number 3:05-CR-264-G-16. Because he is still in custody on the federal sentence he seeks to challenge in this action, relief by way of *coram nobis* is unavailable. *See Castro*, 26 F.3d at 559 (*coram nobis* review is appropriate only when the petitioner is no longer in custody).

Moreover, Petitioner cannot use a writ of *coram nobis* to circumvent the limitations

imposed on filing a successive section 2255 motion.  *See United States v. Smith*, 308 Fed.Appx. 842, 2009 WL 221303 (5th Cir. 2009) (unpublished *per curiam*) (construing *pro se* petition for writ of *coram nobis*, which challenged calculation of sentence and claimed ineffective assistance of trial counsel, as a successive section 2255 because *coram nobis* was unavailable while defendant was in custody).  Accordingly, treating Petitioner's *coram nobis* petition as a section 2255 motion, it should be dismissed for want of jurisdiction because Petitioner has not received prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h) (before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite *prima facie* showing); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has granted the petitioner permission to file such a petition).[1]

---

[1] Because, based on the proceedings in his prior cases, Petitioner is aware that his claims are successive, the Court recommends that the *coram nobis* petition (construed as a section 2255 motion) be dismissed without prejudice for want of jurisdiction, in lieu of transferring the same to the United States Court of Appeals for the Fifth Circuit under section 2255(h).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of *coram nobis* (Doc. 3) be summarily **DISMISSED** for want of jurisdiction and failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

SIGNED January 17, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE